# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2055

_____

|  |  |  |
|---|---|---|
| Thomas Moran, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Anne-Marie Clarke; Robert Haar; | * | |
| Wayman F. Smith, III; Jeffery Jamison; | * | Appeal from the United States |
| Clarence Harmon, comprising the | * | District Court for the Eastern |
| Board of Police Commissioners | * | District of Missouri. |
| for the City of St. Louis; Ronald | * | |
| Henderson; Paul M. Nocchiero; | * | |
| Gregory Hawkins; Al Klein; Willie | * | |
| Thirdkill, | * | |
| | * | |
| Defendants/Appellants, | * | |
| | * | |
| Jack Huelsmann; William Kusmec; | * | |
| William Swiderski; Richard | * | |
| Booker, Jr.; Terrence DuPree; Barry | * | |
| Greene; Steven Petty; Harvey Laux, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: November 19, 2003

Filed:  February 26, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.
_____

BEAM, Circuit Judge.

This case returns to our court upon the district court's denial of the Appellants' motion for summary judgment based on qualified immunity.  Because it was clearly established at all relevant times that the conduct at issue in this litigation would amount to a substantive due process violation, we affirm.

## I.    BACKGROUND

The lengthy and involved facts of this unfortunate case are detailed in our prior en banc opinion, Moran v. Clarke, 296 F.3d 638 (8th Cir. 2002) (en banc) (Moran I), and are repeated here only to the extent necessary to dispose of the narrow issue before us.  Thomas Moran, a St. Louis city police officer brought this 42 U.S.C. § 1983 action against members of the St. Louis Board of Police Commissioners, the Chief of Police, and four internal affairs police officers, all in their individual and official capacities.  As our prior opinion sets forth, the 1997 incident giving rise to this lawsuit stems from a police brutality incident involving a developmentally disabled individual.  As a result of that incident, Moran claims that Appellants manufactured evidence to implicate him in the beating, and conspired to effect his suspension, arrest, and prosecution.

The case first went to trial in November 1999, and resulted in judgment as a matter of law for Appellants.  We reversed that judgment.  We held that Moran had established a jury question on his substantive due process claims, stating:

Viewing the record in the appropriate light, Moran established a plausible case for each of his contentions.  He introduced evidence that tends to show a police department that publicly and financially

committed itself to producing a culprit for an alleged wrongdoing before any such wrongdoing was actually established. He produced proof of questionable procedures, of pressures placed on officers to incriminate a specific person or corroborate the department's official line, of a hasty condemnation of Moran and of improper consideration of his race. Moreover, he offered proof that, at various times, certain defendants purposely ignored evidence that strongly tended to exonerate him. In short, drawing all inferences in his favor, a reasonable jury could conclude that some or all of the defendants intentionally set up an innocent Moran for patently arbitrary reasons.

Id. at 647-48. Thus, we remanded the case for a new trial, and noted that the qualified immunity defense had not yet been adjudicated. Id. at 650 n.6.

Upon remand to the district court, Appellants filed a motion for summary judgment based on qualified immunity. Appellants argue that due to the Supreme Court's 1994 plurality opinion in Albright v. Oliver, 510 U.S. 266, 271, 274-75 (1994) (holding by plurality opinion that there was no substantive due process right arising from a malicious prosecution), they could not have known that their actions violated the Constitution. Appellants concede they are prohibited from relitigating the merits of whether Moran alleges a viable substantive due process claim, but they contend that they could not have foreseen the alleged change in the interpretation of Albright until the en banc opinion was released. Thus, they claim, in 1997 it was not clearly established that their actions violated the Constitution. The district court denied the motion for qualified immunity and held that "[d]efendants can hardly claim to not have had fair warning that conduct such as manufacturing evidence, conspiring to wrongfully prosecute Moran, and other actions that shock the conscience and offend human dignity, might not be unlawful or violative of [Moran's constitutional rights]."

-3-

## II.    DISCUSSION

Because Appellants appeal from the denial of qualified immunity, our review is limited to the legal question of whether the officials are entitled to immunity. We must accept the summary judgment facts as described by the district court because evidentiary determinations are not presently appealable. Hawkins v. Holloway, 316 F.3d 777, 781 (8th Cir. 2003). Normally, the qualified immunity defense to a substantive due process claim would require us to first determine whether the facts advanced demonstrate a violation of Moran's constitutional substantive due process rights. However, our prior opinion disposes of that matter, and Appellants concede that this first question is not in dispute. Thus, the only question we decide here is whether the Appellants' actions were clearly established as violative of Moran's substantive due process rights at the time of the alleged conduct. Id.

Appellants are not entitled to qualified immunity if they had "fair warning" that their conduct violated Moran's rights. Hope v. Pelzer, 536 U.S. 730, 741 (2002). But the absence of a factually similar case does not guarantee government officials the shield of qualified immunity, especially in the substantive due process context. Hawkins, 316 F.3d at 788. When government officials engage in conscious-shocking, egregious behavior that is clearly outside the scope of their discretionary authority, they are not entitled to qualified immunity under section 1983. Id.

Appellants assert that the law was not clearly established. Specifically they claim that due to existing case law, it was not clear that the Constitution forbade officials from manufacturing evidence and using questionable procedures in an attempt to scapegoat an officer for serious wrongdoing, possibly on account of his race. Appellant defines the issue too narrowly. If this were proper, the "factually indistinguishable case" theory dismissed by the Hawkins court would have prevailed. While each qualified immunity inquiry is factually driven, e.g., Saucier v. Katz, 533 U.S. 194, 202 (2001), the fact remains that qualified immunity is reserved for state

officials whose conduct is objectively reasonable in light of the clearly established law at the time of the incident in question. Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998). The key inquiry in deciding "whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Katz, 533 U.S. at 202.

Even under the Supreme Court's generous authorization of the qualified immunity defense, see Malley v. Briggs, 475 U.S. 335, 341 (1986) (explaining that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"), Appellants cannot invoke it here. Appellants, especially as law enforcement officials, knew or should reasonably have known that the specific conduct outlined by Moran was unlawful. No reasonable official would believe it was permissible to hatch a plan to scapegoat an innocent officer for acts of police brutality against a developmentally disabled citizen. On April 14, 1997, and every day thereafter, such actions were clearly beyond the scope of Appellants' discretionary authority. Hawkins, 316 F.3d at 788. No reasonable officials in Appellants' shoes could have thought they had the discretion to take these steps. Id.

Appellants arguments based on Albright are unavailing. They argue that because the Supreme Court held in Albright that a substantive due process claim would not lie in a malicious prosecution claim, 510 U.S. at 271, 274-75, they could not have been on notice that their conduct violated the Constitution. We disagree. As we explained in Moran I, Appellants' purported actions went well beyond the realm of malicious prosecution. 296 F.3d at 647. "Instead of simply allowing a weakly supported prosecution to proceed," Moran asserts that Appellants engaged in a "purposeful police conspiracy to manufacture . . . false evidence." Id.

Viewing the summary judgment facts as found by the district court, the alleged conduct of each of the Appellants "was so far beyond the bounds of the performance of his official duties that the rationale underlying qualified immunity is inapplicable."

-5-

<u>Hawkins</u>, 316 F.3d at 788.   Finally, we decline Appellants' invitation that we consider individual evidentiary questions that were rejected by the district court upon a review of the facts.  We have no jurisdiction to do so.  <u>Hawkins</u>,  316 F.3d at 781.

## III.    CONCLUSION

We therefore affirm the judgment of the district court.

_____